ARCADIO RAMÍREZ CUERDA, Plaintiff and Appellee, v. VÍCTOR M. RAMÍREZ ET AL., Defendants and Appellants.

No. 9600.   Argued February 9, 1949.—Decided April 14, 1949.

---

*José Sabater* and *José O. Sabater* for defendants-appellants.
*José Rafael Gelpí, pro se.*

*Per Curiam:* This is an appeal from an order of the District Court of Mayagüez awarding $4,400 to the receiver for alleged services rendered as such receiver.

Angel Arroyo Rivera was originally appointed receiver. He was ordered to make an inventory and appraisal of the property within a term of thirty days; to report his actions quarterly; and to continue executing the contracts of the partnership under receivership, but not to execute any new contract without the authority of the court and the intervention of the parties. As to his compensation the following was provided:

"The receiver shall be paid temporarily the sum of $60 weekly until a definite salary is fixed after he renders the inventory and the appraisal of the property as well as the funds and proceeds which were hereinbefore ordered to be made, and the receiver shall collect his salary from whatever moneys may come into his hands."

Fourteen days after the appointment of Arroyo, José Rafael Gelpí was appointed to substitute him as receiver "with the same duties, responsibilities and attributes fixed in the Decree of Receivership of July 14, 1944." Gelpí took possession of the receivership on August 23, 1944, but did not render the final inventory until April 9, 1946.

We need not recite in detail what happened thereafter, inasmuch as the sole question before us now is whether the lower court committed error in granting the motion of the receiver for compensation.

The appellants assign the following errors:

"1. The lower court erred in fixing the salary of the receiver without the latter having rendered his accounts.

"2. The lower court erred in fixing the salary of the receiver at $60 weekly, as said salary had been fixed temporarily to the

former receiver and the lower court at no time fixed a definite salary.

"3. The lower court committed error in awarding compensation or salary to the Receiver without the latter having rendered any services on behalf of the defendants or without having continued their business.

"4. The lower court committed error in fixing the compensation of the receiver without taking into account and disregarding the conduct of said receiver in connection with the property entrusted to him."

██ We need not consider assignments 1, 2 and 4. We shall examine only the third. The theory of the receiver is that the amount of $4,400 merely represents 74 weeks of salary at $60 a week, which is the compensation fixed in the original order and which salary he has not received from April 10, 1945 to September 11, 1946. We note in passing that the receiver sold alcohol belonging to the receivership and retained the sum of $1,980 as his weekly salary until April 9, 1945. He contends that by virtue of a mere arithmetical operation, the amount of $4,400 is due him on the basis of 74 weeks at $60 a week.

The fact that a court fixes a temporary compensation for a receiver at $60 a week does not necessarily mean that automatically he is entitled to receive it on the basis of a mere arithmetical operation, whether or not he renders his services. On the contrary, the interested parties have the right to demonstrate to the court that the receiver has not rendered any service and is not entitled to receive any compensation. Here, irrespective of the fact that we find nothing substantial in the record or in the opinion of the lower court showing that the receiver rendered any services, the latter admitted at the hearing on this and other questions that "I can admit that I did no work at all. If it is to prove that, I admit it."

Consequently, we can not agree with the lower court in granting compensation to the receiver for not rendering services, especially as he had already collected $1,980.

The order of the district court will be reversed, and the petition of the receiver for an award of compensation shall be denied.